Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

# UNITED STATES DISTRICT COURT

for the

Eastern District of Texas   ▾

_____BEAUMONT_____ Division

| | | |
|---|---|---|
| DAVID R PETE | ) | Case No.   1:21cv000546 |
| | ) | _(to be filled in by the Clerk's Office)_ |
| | ) | |
| *Plaintiff(s)* | ) | |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) | Jury Trial: *(check one)*   ☐ Yes   ☑ No |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) | |
| *please write "see attached" in the space and attach an additional* | ) | |
| *page with the full list of names.)* | ) | |
| **–v–** | ) | |
| | ) | |
| ROBERT C.DUNN/SCHOOL BOARD | ) | |
| PRESIDENT,BISD | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | ) | |
| *(Write the full name of each defendant who is being sued.  If the* | ) | |
| *names of all the defendants cannot fit in the space above, please* | ) | |
| *write "see attached" in the space and attach an additional page* | | |
| *with the full list of names.  Do not include addresses here.)* | | |

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

(Non-Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files.  Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number.  A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## I.  The Parties to This Complaint

### A.  The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

| | |
|---|---|
| Name | DAVID R PETE |
| Address | 6355 CHINN LN APT 2105 |

| | | |
|---|---|---|
| BEAUMONT | TX | 77708 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | JEFFERSON |
| Telephone Number | 4099980229 |
| E-Mail Address | DPETEDAVIDPETE@YAHOO.COM |

### B.  The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | ROBERT C DUNN |
| Job or Title *(if known)* | PRESIDENT/SCHOOL BOARD (BEAUMONT INDEPENDENT SC |
| Address | 3395 HARRISON |

| | | |
|---|---|---|
| BEAUMONT | TX | 77706 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | JEFFERSON |
| Telephone Number | 4095531310/4096175000 |
| E-Mail Address *(if known)* | ROBERT.DUNN@BMTISD.COM |

☐ Individual capacity   ☑ Official capacity

Defendant No. 2

| | |
|---|---|
| Name | DENNIS WALLACE SPOONER |
| Job or Title *(if known)* | SCHOOL BOARD MEMBER/AT LARGE |
| Address | 3395 HARRISON |

| | | |
|---|---|---|
| BEAUMONT | TX | 77706 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | JEFFERSON |
| Telephone Number | 4096175000/4092730638 |
| E-Mail Address *(if known)* | DENISE.WALLACE-SPOONER@BMTISD.COM |

☐ Individual capacity   ☑ Official capacity

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

Defendant No. 3

| | |
|---|---|
| Name | MATILDA 'TILLIE'HICKMAN |
| Job or Title *(if known)* | SCHOOL BOARD MEMBER/DISTRICT 5 |
| Address | 1130 22nd Street |

| | | |
|---|---|---|
| BEAUMONT | TX | 77706 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | JEFFERSON |
| Telephone Number | 4096588927 |
| E-Mail Address *(if known)* | MATILDA.HICKMAN@BMTISD.COM |

☐ Individual capacity    ☑ Official capacity

Defendant No. 4

| | |
|---|---|
| Name | STACEY LEWIS JR |
| Job or Title *(if known)* | SCHOOL BOARD MENBER/DISTRICT 2 |
| Address | 1775 RIVERCREST STREET |

| | | |
|---|---|---|
| BEAUMONT | TX | 77703 |
| *City* | *State* | *Zip Code* |

| | |
|---|---|
| County | JEFFERSON |
| Telephone Number | 4094204234 |
| E-Mail Address *(if known)* | STACEYLEWIS@BMTISD.COM |

☐ Individual capacity    ☑ Official capacity

## II.    Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

☐ Federal officials (a *Bivens* claim)

☑ State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?
FIRST AMENDMENT (GUARANTEE FREEDOM CONCERNING RELIGION,EXPRESSION,ASSEMBLY AND THE RIGHT TO PETITION,AND (FOURTENTH AMENDMENT:WHICH PROHIBITE FROM BEING DEPRIVED OF LIFE,LIBERTY,OR PROPERTY

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

D.    Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

THE ACTION OF EACH MEMBER OF SCHOOL BOARD REFERENCE IN THIS LAWSUIT ,ENTER AND ENGAGE IN UNLAWFUL ASSEMBLY BY NOT HOLDING A LAWFUL BOARD MEETING AND MADE CLAIM FOR AND EMERGENCY TO ENFORCE MASK MANDATE AGAINST A GOVERNOR ORDER (GA-38)(WHICH PROHIBITED ANY SCHOOL,HEALTH DEPT,BUSINESSES FROM MANDATING MASK)

## III.    Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.    Where did the events giving rise to your claim(s) occur?

THIS IS MY AMENDED PLEADING IN RESPONSE TO JUDGES ORDER TO EXPLAIN DETAIL FACTUAL BASIC OF MY CLAIM ;THE PLACE WHERE THIS TOOK PLACED ON AUGUST 19,2021 WAS IN A REMOTE LOCATION SOMEWHERE AT SCHOOL BOARD, DURING THIS MEETING SIX MEMBER WHERE PRESENT AND FOUR VOTE WAS CASE OUT OF THE SIX TO PASS A UNAUTHORIZE MASK MANDATE,WHICH VIOLATED LAW THAT WAS IN PLACED BY THE GOVERNOR GA-38 ORDER

B.    What date and approximate time did the events giving rise to your claim(s) occur?

THE DATE AND TIME APPROXIMATELY WAS ON AUGUST 19,2021 AND TIME WAS 12;00 NOON AT A REMOTE LOCATION

C.    What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

THESE ARE THE FACT SURROUNDING MY CLAIM :FIRST UNDER THE RULE OF OPEN MEETING ACT STATE OF TEXAS :TEXAS GOVERNMENT IS TRANPARENT ,OPEN AND ACCOUNTABLE TO ALL TEXANS ) THEY FAIL TO OPEN THIS MEETING TO THE PUBLIC AS REQUIRED .(2. THERE WAS AND STANDING ORDER BY THE GOVERNOR OF TEXAS GA-38 WHICH WAS SIGN ON JULY 19,2021 AT 3;15 PM (WHICH STATE:NO GOVERNMENTAL ENTITY,INCLUDING A COUNTY ,CITY ,SCHOOL,DISTRICT,AND PUBLIC HEALTH AUTHORITY,AND NO GOVERNMENTAL OFFICIAL MAY REQUIRE ANY PERSON TO WEAR A FACE COVERING OR TO MANDDATE THAT ANOTHER PERSON WEAR A FAC COVERING.ALSO I WILL ATTACH DOCUMENT SUPPORTING THESE CLAIM THAT OTHER PEOPLE AND THE ATTORNEY GENERAL OF TEXAS AND GOVERNOR HAVE FILED LAWSUIT AGAINST ALL SCHOOL IN STATE OF TEXAS.THE EFFECT THIS HAS HAD ON ME PHYSICAL SUCH AS HAVING TO BE FORCED TO WHERE A MASK AGAINT MY RIGHTS AFFORDED BY THE CONSTIUTION OF 1,14 AMENDMENT IT DID AFFECT EMOTIONAL, PHYSICAL AND SPIRITUAL ALSO IT PREVENTED ME FROM ATTENDING BOARD MEETING OF WHICH I HAVE ATTENDED IN THE PASS BUT SINCE THIS

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## IV.    Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

THE ULTIMATE  INJURY I HAVE SUBSTAIN HAS BEEN MENTIAL AFFECTING MY SLEEP ,BODY, BECAUSE OF ALL THE EMOTIONAL STRAIN FROM THIS COVID PANDAMIC

## V.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

MY PRAYER IS THAT THE COURT WILL FIND THIS SCHOOL BOARD LIABLE FOR THERE BLATANT DISREGUARD FOR THE RULE OF LAW .I WILL ALSO ASK THE COURT TO AWARD ACTUAL DAMAGES IN A AMOUNT $100.000.000 DOL AND PUNITIVE DAMAGE $10.000.000 .THE BASIC FOR THESE CLAIM ARE ASSOCIATED WITH OTHER CLAIM EQUAL TO OTHER CIVIL LIABILITY THAT HAVE BEEN PAID IN THE PASSED

Pro Se 15 (Rev. 12/16) Complaint for Violation of Civil Rights (Non–Prisoner)

## VI.    Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.    For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            11/23/2021

Signature of Plaintiff        DAVID R PETE
Printed Name of Plaintiff     DAVID R PETE

### B.    For Attorneys

Date of signing:

Signature of Attorney
Printed Name of Attorney
Bar Number
Name of Law Firm
Address

|  | City | State | Zip Code |
|---|---|---|---|

Telephone Number
E-mail Address



GOVERNOR GREG ABBOTT

July 29, 2021

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:15 PM O'CLOCK

JUL 29 2021

Secretary of State

Mr. Joe A. Esparza
Deputy Secretary of State
State Capitol Room 1E.8
Austin, Texas 78701

Dear Deputy Secretary Esparza:

Pursuant to his powers as Governor of the State of Texas, Greg Abbott has issued the following:

Executive Order No. GA-38 relating to the continued response to the COVID-19 disaster.

The original executive order is attached to this letter of transmittal.

Respectfully submitted,

Gregory S. Davidson
Executive Clerk to the Governor

GSD/gsd

Attachment

# Executive Order

**BY THE
GOVERNOR OF THE STATE OF TEXAS**

**Executive Department
Austin, Texas
July 29, 2021**

**EXECUTIVE ORDER
GA 38**

*Relating to the continued response to the COVID-19 disaster.*

————————————

WHEREAS, I, Greg Abbott, Governor of Texas, issued a disaster proclamation on March 13, 2020, certifying under Section 418.014 of the Texas Government Code that the novel coronavirus (COVID-19) poses an imminent threat of disaster for all Texas counties; and

WHEREAS, in each subsequent month effective through today, I have renewed the COVID-19 disaster declaration for all Texas counties; and

WHEREAS, from March 2020 through May 2021, I issued a series of executive orders aimed at protecting the health and safety of Texans, ensuring uniformity throughout Texas, and achieving the least restrictive means of combatting the evolving threat to public health by adjusting social-distancing and other mitigation strategies; and

WHEREAS, combining into one executive order the requirements of several existing COVID-19 executive orders will further promote statewide uniformity and certainty; and

WHEREAS, as the COVID-19 pandemic continues, Texans are strongly encouraged as a matter of personal responsibility to consistently follow good hygiene, social-distancing, and other mitigation practices; and

WHEREAS, receiving a COVID-19 vaccine under an emergency use authorization is always voluntary in Texas and will never be mandated by the government, but it is strongly encouraged for those eligible to receive one; and

WHEREAS, state and local officials should continue to use every reasonable means to make the COVID-19 vaccine available for any eligible person who chooses to receive one; and

WHEREAS, in the Texas Disaster Act of 1975, the legislature charged the governor with the responsibility "for meeting ... the dangers to the state and people presented by disasters" under Section 418.011 of the Texas Government Code, and expressly granted the governor broad authority to fulfill that responsibility; and

WHEREAS, under Section 418.012, the "governor may issue executive orders ... hav[ing] the force and effect of law;" and

WHEREAS, under Section 418.016(a), the "governor may suspend the provisions of any regulatory statute prescribing the procedures for conduct of state business ... if strict compliance with the provisions ... would in any way prevent, hinder, or delay necessary action in coping with a disaster;" and

WHEREAS, under Section 418.018(c), the "governor may control ingress and egress to

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:15 PM   O'CLOCK

JUL 2 9 2021

| Campus | Student Enrollment | Campus Staff | Campus Teachers | # Positive Covid Cases Staff | # Covid Quarantine Staff | # Teachers Covid Positive | # Teachers Covid Quarantined | # Students Covid Positive | # Students Covid Quarantined | % of Teachers + | % of Teachers Out | % of all Campus Staff Out | % of Students + | % of Students Out |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Amelia | 526 | 53 | 35 | | 1 | | | | | 0.0% | 0.0% | 1.9% | 0.0% | 0.0% |
| Bingman | 329 | 78 | 25 | 1 | | 3 | | 1 | | 12.0% | 12.0% | 1.3% | 0.3% | 0.3% |
| Blanchette | 493 | 50 | 31 | | | | | 5 | 4 | 0.0% | 0.0% | 0.0% | 1.0% | 1.8% |
| Caldwood | 477 | 43 | 36 | 1 | | | | 2 | 1 | 0.0% | 0.0% | 2.3% | 0.4% | 0.6% |
| Charlton-Pollard | 479 | 43 | 23 | | | | | 1 | | 0.0% | 0.0% | 0.0% | 0.2% | 0.2% |
| Curtis | 507 | 54 | 34 | 1 | | 1 | 1 | 1 | | 2.9% | 5.9% | 1.9% | 0.2% | 0.2% |
| Dishman | 506 | 47 | 28 | | | 1 | | | | 3.6% | 3.6% | 0.0% | 0.0% | 0.0% |
| Fehl-Price - RespEd | 408 | 35 | 21 | | | | | 1 | | 0.0% | 0.0% | 0.0% | 0.2% | 0.2% |
| Fletcher | 395 | 53 | 30 | | | | | 2 | | 0.0% | 0.0% | 0.0% | 0.5% | 0.5% |
| Guess | 553 | 51 | 32 | | | 1 | | 3 | | 3.1% | 3.1% | 0.0% | 0.5% | 0.5% |
| Homer | 535 | 52 | 33 | 1 | | | | 2 | | 0.0% | 0.0% | 1.9% | 0.4% | 0.4% |
| Jones-Clark - PLA | 459 | 58 | 31 | 1 | | 1 | | | | 3.2% | 3.2% | 1.7% | 0.0% | 0.0% |
| Lucas | 176 | 33 | 12 | | | | | 1 | | 0.0% | 0.0% | 0.0% | 0.6% | 0.6% |
| Martin | 467 | 51 | 31 | 1 | | 1 | | 1 | | 3.2% | 3.2% | 2.0% | 0.2% | 0.2% |
| Pietzsch | 924 | 94 | 61 | 2 | | 2 | 1 | 3 | 1 | 3.3% | 4.9% | 2.1% | 0.3% | 0.4% |
| Regina | 634 | 57 | 41 | 4 | 1 | 2 | | 5 | | 4.9% | 4.9% | 8.8% | 0.8% | 0.8% |
| King - Green Dot | 523 | 75 | 34 | 3 | | 6 | 2 | 1 | | 17.6% | 23.5% | 4.0% | 0.2% | 0.2% |
| Marshall | 748 | 70 | 47 | | | 1 | | | | 2.1% | 2.1% | 0.0% | 0.0% | 0.0% |
| Odom | 687 | 62 | 49 | | | | | 3 | | 0.0% | 0.0% | 0.0% | 0.4% | 0.4% |
| Smith - PLA | 505 | 56 | 30 | | | | | | 1 | 0.0% | 0.0% | 0.0% | 0.0% | 0.2% |
| Vincent | 774 | 68 | 43 | | | 1 | | | | 2.3% | 2.3% | 0.0% | 0.0% | 0.0% |
| ECHS | 293 | 31 | 21 | | | 1 | | 2 | | 4.8% | 4.8% | 0.0% | 0.7% | 0.7% |
| Beaumont United | 2053 | 182 | 115 | 1 | | 2 | | 2 | | 1.7% | 1.7% | 0.5% | 0.1% | 0.1% |
| West Brook | 2205 | 180 | 121 | | | 2 | 1 | 8 | 1 | 1.7% | 2.5% | 0.0% | 0.4% | 0.4% |
| Taylor | 0 | 24 | 17 | | | | | | | 0.0% | 0.0% | 0.0% | #DIV/0! | #DIV/0! |
| Pathways | 15 | 20 | 11 | | | | | | | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% |
| Brown | 69 | 13 | 8 | | | | | | | 0.0% | 0.0% | 0.0% | 0.0% | 0.0% |
| Maintenance | N/A | 13 | N/A | 2 | | | | | | N/A | N/A | 15.4% | N/A | N/A |
| Trahan Center | N/A | N/A | N/A | | | | | | | N/A | N/A | #VALUE! | N/A | N/A |
| Transpo. | N/A | 119 | N/A | | | | | | | N/A | N/A | 0.0% | N/A | N/A |
| Annex | N/A | 97 | N/A | 5 | 1 | | | | | N/A | N/A | 6.2% | N/A | N/A |
| Admin Bldg | N/A | 75 | N/A | 3 | 1 | | | | | N/A | N/A | #REF! | N/A | N/A |
| Totals | 15740 | 1633 | 1000 | 26 | 4 | 25 | 5 | 44 | 8 | 2.5% | 3.0% | 1.7% | #REF! | 0.3% |

| Teacher Threshold | Yellow | 7-10% teachers out | | Student Threshold | 5% out for Covid Related issue |
|---|---|---|---|---|---|
| | Red | 11-15% teachers out | | | |

**Notice of Emergency Meeting**
**Board of Trustees**
**Beaumont Independent School District**
**August 23, 2021**

An emergency meeting of the Board of Trustees of the Beaumont Independent School District will be held on August 23, 2021, beginning at 12:00 p.m. In accordance with guidance from the Texas Governor and Attorney General dated March 16, 2020 regarding suspension of open meeting laws, Beaumont ISD's board meeting will convene via videoconference available to the public at https://us02web.zoom.us/j/83208458132?pwd=cVk4ZUlEdWZyangvdmVMQUVTVm42UT09.
Following the meeting, the public will be provided access to a recording of the meeting upon request.

The subjects to be discussed or considered or upon which any formal action may be taken are as follows:

1. Consider COVID-19 Mitigation Resolution including consideration of face coverings.

An emergency or urgent public necessity exists that requires immediate action of the Board or an imminent threat to public health and safety or a reasonably unforeseeable situation exists, as follows:

- The current impact of the COVID-19 Delta Variant on Beaumont is an unforeseen and unavoidable emergency of urgent public necessity, due to the highly transmittable nature of the variant among adults and children and escalating number of positive cases among students and staff at Beaumont ISD threatening public health.
  - Yesterday, the positive cases of COVID-19 among Beaumont ISD staff necessitated the closure of a campus due to inability to effectively operate.
  - COVID-19 hospitalizations in Jefferson County, Texas reached an all-time high on Saturday, August 21, 2021.
- The Board of Trustees has a substantial public interest in protecting the health and safety of its students, staff, and community and therefore desires to ensure that the school district is utilizing all measures available to protect the health and safety of students, staff, and community in light of the immediate impact the Delta Variant is having on the Beaumont community and schools.

If, during the course of the meeting, discussion of any item on the agenda should be held in a closed meeting, the board will conduct a closed meeting in accordance with the Texas Open Meetings Act, Texas Government Code, Chapter 551, Subchapters D and E or Texas Government Code section 418.183(f). Before any closed meeting is convened, the presiding officer will publicly identify the section or sections of the Act authorizing the closed meeting. All final votes, actions, or decisions will be taken in open meeting. See Board Policy BEC (LEGAL).

This notice was posted in compliance with the Texas Open Meetings Act on August 23, 2021 at 10:00 a.m.

Shannon Allen

For the Board of Trustees

*Governor Greg Abbott*
July 29, 2021

*Executive Order GA-38*
Page 2

and from a disaster area and the movement of persons and the occupancy of premises in the area;" and

WHEREAS, under Section 418.173, the legislature authorized as "an offense," punishable by a fine up to $1,000, any "failure to comply with the [state emergency management plan] or with a rule, order, or ordinance adopted under the plan;"

NOW, THEREFORE, I, Greg Abbott, Governor of Texas, by virtue of the power and authority vested in me by the Constitution and laws of the State of Texas, do hereby order the following on a statewide basis effective immediately:

1. To ensure the continued availability of timely information about COVID-19 testing and hospital bed capacity that is crucial to efforts to cope with the COVID-19 disaster, the following requirements apply:

   a. All hospitals licensed under Chapter 241 of the Texas Health and Safety Code, and all Texas state-run hospitals, except for psychiatric hospitals, shall submit to the Texas Department of State Health Services (DSHS) daily reports of hospital bed capacity, in the manner prescribed by DSHS. DSHS shall promptly share this information with the Centers for Disease Control and Prevention (CDC).

   b. Every public or private entity that is utilizing an FDA-approved test, including an emergency use authorization test, for human diagnostic purposes of COVID-19, shall submit to DSHS, as well as to the local health department, daily reports of all test results, both positive and negative. DSHS shall promptly share this information with the CDC.

2. To ensure that vaccines continue to be voluntary for all Texans and that Texans' private COVID-19-related health information continues to enjoy protection against compelled disclosure, in addition to new laws enacted by the legislature against so-called "vaccine passports," the following requirements apply:

   a. No governmental entity can compel any individual to receive a COVID-19 vaccine administered under an emergency use authorization. I hereby suspend Section 81.082(f)(1) of the Texas Health and Safety Code to the extent necessary to ensure that no governmental entity can compel any individual to receive a COVID-19 vaccine administered under an emergency use authorization.

   b. State agencies and political subdivisions shall not adopt or enforce any order, ordinance, policy, regulation, rule, or similar measure that requires an individual to provide, as a condition of receiving any service or entering any place, documentation regarding the individual's vaccination status for any COVID-19 vaccine administered under an emergency use authorization. I hereby suspend Section 81.085(i) of the Texas Health and Safety Code to the extent necessary to enforce this prohibition. This paragraph does not apply to any documentation requirements necessary for the administration of a COVID-19 vaccine.

   c. Any public or private entity that is receiving or will receive public funds through any means, including grants, contracts, loans, or other disbursements of taxpayer money, shall not require a consumer to provide, as a condition of receiving any service or entering any place, documentation regarding the consumer's vaccination status for any COVID-19 vaccine administered under an emergency use authorization. No consumer may be denied entry to a facility financed

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:15 PM O'CLOCK

JUL 29 2021

*Governor Greg Abbott*
July 29, 2021

*Executive Order GA-38*
Page 3

in whole or in part by public funds for failure to provide documentation regarding the consumer's vaccination status for any COVID-19 vaccine administered under an emergency use authorization.

d. Nothing in this executive order shall be construed to limit the ability of a nursing home, state supported living center, assisted living facility, or long-term care facility to require documentation of a resident's vaccination status for any COVID-19 vaccine.

e. This paragraph number 2 shall supersede any conflicting order issued by local officials in response to the COVID-19 disaster. I hereby suspend Sections 418.1015(b) and 418.108 of the Texas Government Code, Chapter 81, Subchapter E of the Texas Health and Safety Code, and any other relevant statutes, to the extent necessary to ensure that local officials do not impose restrictions in response to the COVID-19 disaster that are inconsistent with this executive order.

3. To ensure the ability of Texans to preserve livelihoods while protecting lives, the following requirements apply:

a. There are no COVID-19-related operating limits for any business or other establishment.

b. In areas where the COVID-19 transmission rate is high, individuals are encouraged to follow the safe practices they have already mastered, such as wearing face coverings over the nose and mouth wherever it is not feasible to maintain six feet of social distancing from another person not in the same household, but no person may be required by any jurisdiction to wear or to mandate the wearing of a face covering.

c. In providing or obtaining services, every person (including individuals, businesses, and other legal entities) is strongly encouraged to use good-faith efforts and available resources to follow the Texas Department of State Health Services (DSHS) health recommendations, found at www.dshs.texas.gov/coronavirus.

d. Nursing homes, state supported living centers, assisted living facilities, and long-term care facilities should follow guidance from the Texas Health and Human Services Commission (HHSC) regarding visitations, and should follow infection control policies and practices set forth by HHSC, including minimizing the movement of staff between facilities whenever possible.

e. Public schools may operate as provided by, and under the minimum standard health protocols found in, guidance issued by the Texas Education Agency. Private schools and institutions of higher education are encouraged to establish similar standards.

f. County and municipal jails should follow guidance from the Texas Commission on Jail Standards regarding visitations.

g. As stated above, business activities and legal proceedings are free to proceed without COVID-19-related limitations imposed by local governmental entities or officials. This paragraph number 3 supersedes any conflicting local order in response to the COVID-19 disaster, and all relevant laws are suspended to the extent necessary to preclude any such inconsistent local orders. Pursuant to the legislature's command in Section 418.173 of the Texas Government Code and the State's emergency management plan, the imposition of any conflicting or inconsistent limitation by a local governmental entity or official constitutes a "failure to comply with" this executive order that is subject to a fine up to $1,000.

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
2:15pm O'CLOCK

JUL 29 2021

*Governor Greg Abbott*
July 29, 2021

*Executive Order GA-38*
Page 4

4. To further ensure that no governmental entity can mandate masks, the following requirements shall continue to apply:

   a. No governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering; *provided, however, that*:
      i. state supported living centers, government-owned hospitals, and government-operated hospitals may continue to use appropriate policies regarding the wearing of face coverings; and
      ii. the Texas Department of Criminal Justice, the Texas Juvenile Justice Department, and any county and municipal jails acting consistent with guidance by the Texas Commission on Jail Standards may continue to use appropriate policies regarding the wearing of face coverings.
   b. This paragraph number 4 shall supersede any face-covering requirement imposed by any local governmental entity or official, except as explicitly provided in subparagraph number 4.a. To the extent necessary to ensure that local governmental entities or officials do not impose any such face-covering requirements, I hereby suspend the following:

      i.   Sections 418.1015(b) and 418.108 of the Texas Government Code;

      ii.  Chapter 81, Subchapter E of the Texas Health and Safety Code;

      iii. Chapters 121, 122, and 341 of the Texas Health and Safety Code;

      iv.  Chapter 54 of the Texas Local Government Code; and

      v.   Any other statute invoked by any local governmental entity or official in support of a face-covering requirement.

      Pursuant to the legislature's command in Section 418.173 of the Texas Government Code and the State's emergency management plan, the imposition of any such face-covering requirement by a local governmental entity or official constitutes a "failure to comply with" this executive order that is subject to a fine up to $1,000.
   c. Even though face coverings cannot be mandated by any governmental entity, that does not prevent individuals from wearing one if they choose.

5. To further ensure uniformity statewide:

   a. This executive order shall supersede any conflicting order issued by local officials in response to the COVID-19 disaster, but only to the extent that such a local order restricts services allowed by this executive order or allows gatherings restricted by this executive order. Pursuant to Section 418.016(a) of the Texas Government Code, I hereby suspend Sections 418.1015(b) and 418.108 of the Texas Government Code, Chapter 81, Subchapter E of the Texas Health and Safety Code, and any other relevant statutes, to the extent necessary to ensure that local officials do not impose restrictions in response to the

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:15 P.M. O'CLOCK

JUL 2 9 2021

*Governor Greg Abbott*
July 29, 2021

*Executive Order GA-38*
Page 5

      COVID-19 disaster that are inconsistent with this executive order, provided that local officials may enforce this executive order as well as local restrictions that are consistent with this executive order.

  b.  Confinement in jail is not an available penalty for violating this executive order. To the extent any order issued by local officials in response to the COVID-19 disaster would allow confinement in jail as an available penalty for violating a COVID-19-related order, that order allowing confinement in jail is superseded, and I hereby suspend all relevant laws to the extent necessary to ensure that local officials do not confine people in jail for violating any executive order or local order issued in response to the COVID-19 disaster.

This executive order supersedes all pre-existing COVID-19-related executive orders and rescinds them in their entirety, except that it does not supersede or rescind Executive Orders GA-13 or GA-37. This executive order shall remain in effect and in full force unless it is modified, amended, rescinded, or superseded by the governor. This executive order may also be amended by proclamation of the governor.

Given under my hand this the 29th day of July, 2021.

**GREG ABBOTT**
Governor

ATTESTED BY:

JOE A. ESPARZA
Deputy Secretary of State

FILED IN THE OFFICE OF THE
SECRETARY OF STATE
3:15ᴘᴍ O'CLOCK

JUL 2 9 2021

# Local Governments Prohibited from Requiring Masks

**Disclaimer:**
**The State Law Library is unable to give legal advice, legal opinions or any interpretation of the law.** It is strongly recommended that you contact an attorney for advice specific to your situation. If you have questions about anything in this guide, please ask a librarian.

## Executive Order GA-38

After Governor Greg Abbott ended the statewide mask mandate with executive order GA-34 <https://open.texas.gov/uploads/files/organization/opentexas/EO-GA-34-opening-Texas-response-to-COVID-disaster-IMAGE-03-02-2021.pdf> [PDF] in March 2021, he issued several more executive orders related to the COVID-19 response. In order to simplify the information, **on July 29th** Governor Abbott issued an executive order that combined, rescinded, and replaced many of the previous orders. Orders GA-13 <https://gov.texas.gov/uploads/files/press/EO-GA-13_jails_and_bail_for_COVID-19_IMAGE_03-29-2020.pdf> [PDF] and GA-37 <https://gov.texas.gov/uploads/files/press/EO-GA-37_transportation_of_migrants_during_COVID_IMAGE_07-28-2021.pdf> [PDF] remain in effect.

The newest order, GA-38, includes language that was previously included in order GA-36 <https://gov.texas.gov/uploads/files/press/EO-GA-36_prohibition_on_mandating_face_coverings_response_to_COVID-19_disaster_IMAGE_05-18-2021.pdf> [PDF] prohibiting local governments from requiring a person to wear a mask or face covering:

> No governmental entity, including a county, city, school district, and public health authority, and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering;

State living centers, government hospitals, TDCJ and TJJD facilities, and county and municipal jails can continue to use appropriate policies regarding masks.

Order GA-38 supersedes any face-covering requirement issued by a local government. Any conflicting limitations issued by a local government is considered a "failure to comply with this order" and is subject to a fine of up to $1,000.

One notable change in this order is that it removes the ability granted by GA-34 <https://open.texas.gov/uploads/files/organization/opentexas/EO-GA-34-opening-Texas-response-to-COVID-disaster-IMAGE-03-02-2021.pdf> [PDF] for local governments in areas of "high hospitalizations" to implement local mask orders.

- **Texas Governor's Executive Order No. GA-38 (7/29/21) [PDF]**

# Mask Policies at Stores or Businesses

**Private businesses still have the right to require masks for customers and employees, but most state and local government entities can no longer do so.**

## Policies for Customers

Governor Abbott's Executive Order No. GA-38 <https://gov.texas.gov/uploads/files/press/EO-GA-38_continued_response_to_the_COVID-19_disaster_IMAGE_07-29-2021.pdf> states the following regarding a private business's ability to require masks:

> In providing or obtaining services, every person (including individuals, businesses, and other legal entities) is strongly

# Texas State Law Library

## COVID-19 & Texas Law

This guide is updated to reflect information pertaining to the COVID-19 pandemic. Information in this guide is subject to change at any time.



- ⌂ **Home**
- 📖 **Housing**
- 🏛 **Courts & Legal Aid**
- ✳ **COVID-19 Orders & Laws**
  - **Mask Laws**
  - **Vaccine Laws**
  - **Stay-at-Home/Reopening**
  - **Disaster Declarations**
  - **Quarantine & Isolation**
  - **Federal Assistance**
- 💼 **Business & Employment**
- ◎ **Consumer Issues**
- 👥 **Family Issues**
- ⚖ **Civil Rights**

# ➕ **Mask Laws**

---

## Contents

**This page contains information on the following. Click the link to jump to each topic:**

📋 **Local Governments May Not Require Masks**
Local governments are prohibited from requiring people to wear masks, with some exceptions. The latest order on this topic was issued July 29, 2021.

🗋 **Mask Policies at Stores or Businesses**
Even if not required by law, businesses can require customers and/or employees to wear masks.

★ **Statewide Mask Requirement for Individuals**
The statewide order that individual people must wear masks or face coverings in most public places is **no longer in effect**. It was superseded on March 10, 2021.

♿ **Disabilities & Mask Requirements**
Individuals who have a disability that prevents them from wearing a mask can request a reasonable accommodation to a mask policy at work or when obtaining service at a business.

🕐 **Masks and Weapons**
We have not been able to locate any laws that would prevent a person from carrying a weapon while wearing a mask in Texas. Please see our FAQ "Can I carry a weapon while wearing a mask? <https://faq.sll.texas.gov/questions/42558>" for more information.

📣 **Masks at Schools**
TEA has issued guidance for schools to bring them into compliance with the statewide mask order.

✍ **Masks at the Polls**
The Governor's statewide order does not require Texans to wear a face covering at polling places. However, there is an ongoing lawsuit that aims to change that.

🏛 **Masks on Federal Property**
On January 20, 2021, President Biden signed an executive order requiring masks and physical distancing in federal buildings and on federal land.

✈ **Masks while in or on Airports or Public Transportation**
On January 21, 2021, President Biden signed an executive order directing federal agencies to take immediate action to require masks while at or on airports or public transportation.

encouraged to use good-faith efforts and available
resources to follow the Texas Department of State Health
Services (DSHS) health recommendations, found at
www.dshs.texas.gov/coronavirus

Previous executive orders related to the COVID-19 response explicitly stated that nothing
in the orders prevented a business from requiring their customers to follow certain
hygiene measures, including masks, but this language does not appear in GA-38.

Generally speaking, a business can set their own rules and policies — similar to a "no
shirt, no shoes, no service" rule — as long as they do not discriminate against a protected
class of people (*e.g.*, on the basis of race, color, religion, national origin, or disability).
Please see the Disabilities & Mask Requirements box <https://guides.sll.texas.gov/covid-
19/mask-laws#s-lg-box-wrapper-28579110> on this page for information about requesting
accommodations related to a disability.

- **Can a business require me to wear a mask? I thought the mask mandate was
  over.**
  This FAQ explains how private businesses are still able to require masks for
  customers and employees even though most state and local governments can no
  longer do so.

- **Do I Have to Wear a Mask If I Have a Disability?**
  This FAQ discusses exemptions to mask requirements for those with a relevant
  disability, examples of disabilities that may make wearing a mask unsafe or not
  feasible, and accommodations for those with disabilities at businesses or at work.

- **FAQs: The ADA, Small Business and Face Mask Policies (Great Plains ADA
  Center)**
  Answers to common questions about how businesses can require masks, but also
  accommodate people with disabilities. Topics discussed include: asking for
  documentation of disability, determining when an exception should be made, and
  more.

- **Mask Policies in Stores and Other Private Businesses**
  This handout from Disability Rights Texas answers questions about asking for
  accommodations to mask policies in stores and businesses.

## Policies for Employees

According to the Equal Employment Opportunities Commission
<https://www.eeoc.gov/wysk/what-you-should-know-about-covid-19-and-ada-rehabilitation-act-and-
other-eeo-laws> (see FAQ G.2) an employer can require employees to wear protective
gear (such as face coverings or gloves). Employees may make a request for a
reasonable accommodation under the ADA or a religious accommodation under Title VII
of the Civil Rights Act (such as a modified mask that can be worn with a religious head
covering). Employers should provide the modification or an alternative modification unless
it would create an "undue hardship" for the employer.

- **COVID-19 and Mask Policies at Work**
  This handout from Disability Rights Texas discusses how disability law governs mask
  policies at work for people with disabilities.

## Statewide Mask Requirement for Individuals is No Longer in Effect

### Executive Order GA-34

*Note: GA-38 <https://gov.texas.gov/uploads/files/press/EO-GA-38_continued_response_to_the_COVID-19_disaster_IMAGE_07-29-2021.pdf> supersedes executive order GA-34.*

Effective March 10, 2021, Texas Governor Greg Abbott signed an executive order superseding the previous Executive Order GA-29, which required Texans to wear a mask or face covering.

The order stated:

> [No] person may be required by any jurisdiction to wear or to mandate the wearing of a face covering.

Although this language has since been superseded, GA-34 permitted counties in an area of high hospitalization, defined as Trauma Service Areas <https://www.dshs.texas.gov/emstraumasystems/Trauma/pdf/TSAMap-RACNames.pdf> that have had seven consecutive days where more than 15% of hospitalized patients are COVID patients, to implement local mask orders. GA-34 also explicitly stated that businesses and other establishments may require employees or customers to wear masks. It also allows law enforcement to enforce trespassing laws and remove individuals who refuse to wear a mask at a business that requires them.

A list of areas with high hospitalizations can be found on the Department of State Health Services' website <https://www.dshs.texas.gov/ga3031/>.

- **Texas Governor's Executive Order No. GA-34 (3/02/21) [PDF] Effective: March 10.**

↑ back to top

# Disabilities & Mask Requirements

If you want to know whether you should avoid wearing a mask due to your disability or medical condition, you should consult with your doctor. People with certain disabilities may be entitled to reasonable accommodations to face mask policies under the Americans with Disabilities Act (ADA) <https://www.ada.gov/> and other disability laws.

- **Do I Have to Wear a Mask If I Have a Disability?**
  This FAQ discusses exemptions to mask requirements for those with a relevant disability, examples of disabilities that may make wearing a mask unsafe or not feasible, and accommodations for those with disabilities at businesses or at work.

- **FAQs: The ADA, Small Business and Face Mask Policies (Great Plains ADA Center)**
  Answers to common questions about how businesses can require masks, but also accommodate people with disabilities. Topics discussed include: asking for documentation of disability, determining when an exception should be made, and more.

- **Face Coverings and Businesses: Balancing the ADA with Public Health During COVID-19 (Northwest ADA Center)**
  Answers to common questions that customers and businesses might have about face mask policies and accommodations for those with disabilities.

- **COVID Mask Exemption Cards are Not From the Government (FTC)**
  This page explains that "mask exemption" cards that appear to be government-issued are not. Some cards appear to be issued by the U.S. Department of Justice (DOJ), but the DOJ has not issued any such cards.

↑ back to top

# Masks and Weapons

We have been unable to locate a Texas law that would prevent someone from carrying a gun or other weapon while wearing a mask or other face covering.

- **Can I Carry a Weapon While Wearing a Mask?**
  This FAQ addresses the carrying of weapons while wearing a mask in Texas.

- **Does Texas Have an Anti-Mask Law?**
  Librarians at the State Law Library have not been able to locate a current Texas statute that discusses the wearing of masks or disguises. This FAQ describes Texas's historical anti-mask law that was passed in 1925 and repealed in 1974.

↑ back to top

# Masks at Schools

This is a rapidly changing issue, so check back for updates.

Governor Abbott's Executive Order GA-38 <http://gov.texas.gov/uploads/files/press/EO-GA-38_continued_response_to_the_COVID-19_disaster_IMAGE_07-29-2021.pdf>, which prohibits school districts from requiring face coverings, was recently overturned in federal court <https://www.courtlistener.com/docket/60189987/82/et-v-morath/>. Paragraph 4 of GA-38 <http://gov.texas.gov/uploads/files/press/EO-GA-38_continued_response_to_the_COVID-19_disaster_IMAGE_07-29-2021.pdf> states:

> no governmental entity, including a [...] school district [...] may require any person to wear a face covering or to mandate that another person wear a face covering.

The federal ruling by U.S. District Judge Lee Yeakel <https://www.courtlistener.com/docket/60189987/82/et-v-morath/> states that GA-38 <http://gov.texas.gov/uploads/files/press/EO-GA-38_continued_response_to_the_COVID-19_disaster_IMAGE_07-29-2021.pdf> violates the Americans with Disabilities Act because it prevents children with disabilities from accessing public education. The ruling bars enforcement of Paragraph 4 of GA-38 <https://gov.texas.gov/uploads/files/press/EO-GA-38_continued_response_to_the_COVID-19_disaster_IMAGE_07-29-2021.pdf>:

> Having concluded that GA-38 violates and is preempted by federal law, the court will permanently enjoin Paxton from enforcing or giving any effect to the provisions of GA-38 prohibiting school districts from requiring masks.

The Texas Education Agency <https://tea.texas.gov/> (TEA) has issued guidance <https://tea.texas.gov/sites/default/files/covid/210917_21-22%20Public%20Health%20Guidance_final.pdf> for public schools prohibiting school systems from requiring students or staff to wear a mask in line with GA-38 <http://gov.texas.gov/uploads/files/press/EO-GA-38_continued_response_to_the_COVID-19_disaster_IMAGE_07-29-2021.pdf>. It is possible that the TEA will revise its guidance regarding face coverings in the future to reflect the federal ruling.

The U.S. Department of Education's Office for Civil Rights <https://www2.ed.gov/about/offices/list/ocr/index.html> (OCR) has also announced that they have opened a civil rights investigation. The investigation will determine if the Texas mask policy violates federal law by keeping students with disabilities from accessing safe, in-person education. OCR issued a letter to TEA <https://www2.ed.gov/about/offices/list/ocr/correspondence/other/20210921-texas-ea.pdf> announcing the investigation on September 21st, 2021.

## Texas Guidance

- **Public Health Guidance (9/17/21)**
  The Texas Education Agency revised its public health guidance for public schools to support enforcement of GA-38. School systems cannot require masks, but individuals may choose to wear masks.

- **Texas Governor's Executive Order No. GA-38 (7/29/21)**
  This Executive Order from Gov. Abbott prohibits mask mandates by local governments including school districts. Some exceptions to the order apply.

## Recent Developments

- **Texas schools can again set their own face mask rules after federal judge**

This Texas Tribune article discusses the federal ruling that overturned the Governor's Executive Order GA-38 banning masks in schools.

- **Gov. Greg Abbott and local officials are fighting several legal battles over mask mandates. Here's what you need to know. (9/20/21)**
  This Texas Tribune article helps explain the current status of the litigation over mask requirements in public schools between the Governor's office, the Attorney General's office, and various school districts throughout Texas.

- **Texas' ban on school mask mandates draws federal investigation for possibly violating the rights of students with disabilities (9/21/21)**
  This article from the Texas Tribune discusses the civil rights investigation recently opened by the U.S. Dept. of Education Office for Civil Rights.

- **Texas Supreme Court temporarily allows school mask mandates to remain (8/19/21)**
  This Texas Tribune article explains the ongoing litigation surrounding school districts and local governments' issuance of mask mandates despite GA-38. The Texas Supreme Court denied a request to temporarily disallow mask mandates to stand while the case is ongoing.

- **Gov. Greg Abbott's order banning mask mandates in Texas schools faces lawsuit, defiance by big-city districts (8/10/21)**
  This Texas Tribune article explains decisions by several school districts to issue mask mandates for the 21-22 school year as well as ongoing litigation over local mask mandates.

↑ back to top

## Masks on Federal Property

On January 20, 2021, President Biden signed an executive order requiring federal agencies to take immediate action to require masks and physical distancing in all federal lands and federal buildings.

The order allows for case-by-case exceptions.

- **Executive Order on Protecting the Federal Workforce and Requiring Mask-Wearing (1/20/21)**

↑ back to top

# Masks at Airports and on Public Transportation

On January 21, 2021, President Biden signed an executive order directing federal agencies to take immediate action to require masks while in or on:

1. Airports
2. Commercial aircraft
3. Trains
4. Public maritime vessels, including ferries
5. Intercity bus services; and
6. All public transportation as defined by 49 U.S. Code 5302.

The order allows for case-by-case exceptions.

- **Executive Order on Promoting COVID-19 Safety in Domestic and International Travel (1/21/2021)**

 ↑ back to top

# Masks at the Polls

Governor Abbott's Executive Order requiring face coverings in many public places <https://open.texas.gov/uploads/files/organization/opentexas/EO-GA-29-use-of-face-coverings-during-COVID-19-IMAGE-07-02-2020.pdf> [PDF] specifically *does not* require individuals to wear a face covering while voting, working as a poll watcher, assisting a voter, or administering an election. There is an ongoing lawsuit challenging this. If the lawsuit succeeds before election day (Nov. 3rd), Texans may need to wear a face covering while at a polling place. Below is information about the ongoing lawsuit. *Please check news outlets for up-to-date information as election day approaches.*

- **Texas Voters Won't be Required to Wear Masks While Voting After Appeals Court Temporarily Lets Abbott Order Stand (10/28/20)**
  This news article describes how an appellate court has temporarily stopped a previous ruling by a district court that would have required Texans to wear face coverings at the polls.

↑ back to top

## More Help

- **FreeLegalAnswers.org**
  This website allows you to ask a lawyer a legal question in writing for free. You can even upload documents for an attorney to review.

- **Get Help From an Attorney**
  Our Legal Help guide has information on free legal hotlines, legal clinics, and legal aid organizations, as well as information on how to find a lawyer who could represent you.

- **Ask a Librarian**
  Questions? Ask us! Librarians at the State Law Library can provide information about the law, but cannot give legal advice.

<< **Previous:** ✱ COVID-19 Orders & Laws

**Next:** Vaccine Laws >>

---

**Last Updated:** Nov 22, 2021 8:27 AM  |  **URL:** https://guides.sll.texas.gov/covid-19

**Subjects: Consumer protection, Disaster relief, Health, Health care, Immigration, Insurance, Labor and employment, Medical records, Miscellaneous legal topics, Taxation**

**Tags:** cdc eviction order, cloth face covering, contact tracing, corona virus, Coronavirus, COVID 19, COVID-19, curfew, disaster, disaster declaration, emergency, emergency declaration, epidemic, eviction, eviction moratorium, eviction order, face covering, face mask, halt on eviction, HIPAA, isolation, lockdown, mask, medical privacy, pandemic, personal protective equipment, ppe, public health disaster, public health emergency, quarantine, relief, safer at home, self isolation, self-isolation, shelter in place, stay at home, stay home, stimulus check, stimulus payment, vaccine, vaccine mandate, vaccine passport, vaccines