IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID RANDY PETE, | § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 1:21-CV-546 |
| ROBERT C. DUNN, et al., | § § § § | |
| Defendants. | § | |

### DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO RULES 12(b)(1) AND 12(b)(6)

Defendants Robert C. Dunn, Dennis Wallace Spooner, Matilda "Tillie" Hickman, and Stacey Lewis, Jr. (collectively, the Board Members), in their official capacities, move to dismiss Plaintiff David Pete's First Amended Complaint pursuant to Rules 12(b)(1) and 12(b)(6) as follows:

### NATURE AND STAGE OF THE PROCEEDING

David Pete brought this suit against the Board Members of Beaumont Independent School District (BISD or the District). Pete generally alleges that the Board Members violated the Texas Open Meetings Act (TOMA) and Governor Greg Abbott's Executive Order GA-38, a claim he brings through 42 U.S.C. § Section 1983 (Section 1983), when the Board voted to impose a now-defunct mask mandate in August 2021. Pete further makes passing references to violations of the United States Constitution. The Board Members now move to dismiss all claims against them pursuant to Rules 12(b)(1) and 12(b)(6).

## ISSUES PRESENTED

1) Whether Pete lacks standing to pursue his constitutional claims when he fails to allege an injury-in-fact.

2) Whether Pete's Section 1983 claim should be dismissed for failure to state a claim when he only complains about a violation of a state statute.

## STANDARD OF REVIEW

**A.   Rule 12(b)(1).**

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the Court's exercise of subject-matter jurisdiction over a case. *See Den Norske Stats Oljeselskap As v. Heeremac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001). "In ruling on a motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id*. A court must accept all factual allegations in the plaintiff's complaint as true, and the burden of establishing a federal court's subject matter jurisdiction rests with "the party seeking to invoke it." *See Pedrozo v. Clinton*, 610 F. Supp. 2d 730, 733 (S.D. Tex. 2009); *see also Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008).

**B.   Rule 12(b)(6).**

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint's factual allegations. *See, e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974   (2007). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009)) (internal quotation omitted); *accord Twombly*, 550

U.S. at 555 (holding that the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."). The Supreme Court has articulated a "two-pronged approach" for determining whether a complaint states a plausible claim for relief. *Iqbal*, 556 U.S. at 679. First, because legal conclusions "must be supported by factual allegations[,]" the Court must identify those pleadings that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Then, after identifying the well-pleaded factual allegations, the Court must "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. A claim only has "facial plausibility" when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678.

## ARGUMENT AND AUTHORITIES

**A.     Pete suffered no actual injury to his constitutional rights, and he cannot otherwise identify any other injury that gives him Article III standing to press any constitutional claim.**

Standing under Article III requires Pete to show "(1) an injury-in-fact that is concrete and actual or imminent, not hypothetical; (2) a fairly traceable causal link between the injury and the defendant's actions; and (3) that the injury will likely be redressed by a favorable decision." *Little v. KPMG LLP*, 575 F.3d 533, 540 (5th Cir. 2009). "A mere interest in an event—no matter how passionate or sincere the interest and no matter how charged with public import the event—will not substitute for an actual injury." *United States v. AVX Corp.*, 962 F.2d 108, 114 (1st Cir. 1992). As the party invoking federal jurisdiction, Pete bears the "indispensable" burden of establishing these elements. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Pete cannot do this.

3

In an effort to meet his burden, Pete alleges the injury threatened by the imposition of a mask mandate by the District is as follows: "The effect this has had on my physical such as having to be forced to where a mask against my rights afforded by the Constitution of 1, 14 Amendment it did affect emotional, physical and spiritual . . ." Dkt. 6 at 4 ¶ III(C) (grammatical errors in original). Here, Pete, beyond pleading to be a resident of Jefferson County, Texas failed to allege facts to show how he is **personally** affected by the District's mask mandate. For example, Pete neither pleads that he is an employee of BISD nor that he has children attending BISD so that his presence on BISD property would be frequent or required.

Furthermore, even if he had alleged that he was personally deprived of his rights, his allegations would not constitute an injury in fact that is concrete and particularized to establish standing. *Little*, 575 F.3d at 540. Any alleged harm is speculative and hypothetical as Pete has not alleged an actual injury. *See id*. ("However, allegations of injury that is merely conjectural or hypothetical do not suffice to confer standing."). Accordingly, because Pete fails to allege any facts to show that he has personally suffered a constitutional injury he lacks standing to bring this suit. *See, e.g.*, *Davis v. De Blasio*, 2021 U.S. Dist. LEXIS 190997 (E.D. New York Oct. 4, 2021) (finding plaintiff failed to allege facts to show that she was personally affected by the New York City mask mandate); *Schiavo v. Carney*, No. 20-cv-1384, 2021 U.S. Dist. LEXIS 130700, 2021 WL 2936137, at *3-*4 (D. Del. July 13, 2021) (noting that there are no allegations in the complaint of an injury personal to plaintiff as a result of the mask mandate); *Beaudoin v. Baker*, No. 20-cv-11187, 2021 U.S. Dist. LEXIS 58004, 2021 WL 1162927, at *4 (D. Mass. Mar. 25, 2021) (finding

plaintiff has no standing to challenge mask mandate); *Bechade v. Baker*, No. 20-cv-11122, 2020 U.S. Dist. LEXIS 174601, 2020 WL 5665554, at *3 (D. Mass. Sept. 23, 2020) (plaintiff who did not show mask requirement caused any concrete and particularized or actual or imminent harm did not have standing).

**B.  Pete's alleged violation of the Texas Open Meetings Act does not give rise to a corresponding Section 1983 violation.**

Beyond the question of Pete's lack of standing, his Section 1983 claim fails on the merits as a matter of law. Pete merely alleges that his constitutional rights under the First and Fourteenth Amendments were violated by defendants' failure to follow a state statute (the TOMA) and purported violation of Governor Abbott's Executive Order GA-38. *See* Dkt. 6 at 4, 9-13. Specifically, reading the Amended Complaint liberally, Pete appears to claim that the Board took the complained-of action (mandating masks on BISD property) at an emergency meeting, which presumably he believes was unlawfully called. *See* Dkt. 6 at 3, 9-13. Pete further alleges that the Board's action violated Governor Abbott's Executive Order GA-38, which prohibits governmental entities in Texas from enforcing mask mandates. *See E.T. v. Paxton*, 2021 U.S. App. LEXIS 35508, at *2-3 (5th Cir. 2021) ("[n]o governmental entity, including a . . . school district, . . . and no governmental official may require any person to wear a face covering or to mandate that another person wear a face covering[.]") (quoting GA-38 (2021)) (alterations and omissions in original).

Absent some showing that the Board Members violated Pete's *federal* constitutional rights, complaints about the violation of state statutes or state agency regulations are insufficient as a matter of law to support a claim for relief under Section 1983. *See Jones v. Lowndes County, Miss.*, 678 F.3d 344, 352 (5th Cir. 2012) ("[A]n alleged violation of a

5

state statute does not give rise to a corresponding § 1983 violation, unless the right encompassed in the state statute is guaranteed under the United States Constitution."); *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998) (holding alleged violations of TDCJ procedural rules regarding notice and the right to call witnesses and present documentary evidence at a disciplinary hearing did not present an arguable basis to support a due process claim); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (holding a prison official's failure to follow the prison's own policies, procedures, and regulations does not constitute a violation of due process if constitutional minima are nevertheless met); *Giovanni v. Lynn*, 48 F.3d 908, 912 (5th Cir. 1995) (holding a mere failure to accord procedural protection called for by state law or regulation does not of itself amount to a denial of due process), *cert. denied*, 516 U.S. 860, 116 S. Ct. 167, 133 L. Ed. 2d 109 (1995); *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994) (holding a state's failure to follow its own procedural regulations does not constitute a violation of due process if constitutional minima are met).

Under the TOMA, a governmental body is generally required to provide 72-hours' notice of a public meeting. Tex. Gov't Code § 551.043. One of the exceptions to this general rule, however, is that a governmental body (*e.g.*, a school board) may call an emergency meeting without 72-hours' notice when there is an urgent public necessity such as an epidemic. *See* Tex. Gov't Code § 551.045(a)-(b). To do so, the governmental body must "clearly identify the emergency or urgent public necessity in the notice or supplemental notice under this section." *Id*. at 551.045(c). The notice of the Board for the August 23, 2021 emergency meeting Pete attaches to his Amended Complaint

demonstrates that the Board, in accordance with the TOMA, properly notified the public of the emergency necessitating a meeting with shortened notice:

> The subjects to be discussed or considered or upon which any formal action may be taken are as follows:
>
> 1. Consider COVID-19 Mitigation Resolution including consideration of face coverings.
>
> An emergency or urgent public necessity exists that requires immediate action of the Board or an imminent threat to public health and safety or a reasonably unforeseeable situation exists, as follows:
>
> - The current impact of the COVID-19 Delta Variant on Beaumont is an unforeseen and unavoidable emergency of urgent public necessity, due to the highly transmittable nature of the variant among adults and children and escalating number of positive cases among students and staff at Beaumont ISD threatening public health.
>   - Yesterday, the positive cases of COVID-19 among Beaumont ISD staff necessitated the closure of a campus due to inability to effectively operate.
>   - COVID-19 hospitalizations in Jefferson County, Texas reached an all-time high on Saturday, August 21, 2021.
> - The Board of Trustees has a substantial public interest in protecting the health and safety of its students, staff, and community and therefore desires to ensure that the school district is utilizing all measures available to protect the health and safety of students, staff, and community in light of the immediate impact the Delta Variant is having on the Beaumont community and schools.

Dkt. 6 at 9.

Turning to Pete's contention that the Board Members violated Governor Abbott's Executive Order GA-38, as mentioned above, alleged non-compliance with administrative regulations cannot, in-and-of-itself, form the basis of a viable Section 1983 claim "unless the right encompassed in the state statute is guaranteed under the United States Constitution." *Jones*, 678 F.3d at 352. Courts that have considered the issue of whether mask mandates in school districts during the Covid-19 pandemic have routinely held that such mandates do not implicate the First or Fourteenth Amendments to the United States Constitution. *See, e.g.*, *Lloyd v. Sch. Bd. of Palm Beach Cnty.*, 2021 U.S. Dist. LEXIS 210628, at *25-29 (S.D. Fla. 2021); *see also Zinman v. Nova Se. Univ.*, 2021 U.S. Dist. LEXIS 165341, at *34 (S.D. Fla. 2021). Moreover, "Executive orders offering

7

recommendations and CDC guidelines, like other administrative guidance orders, do not themselves set a constitutional standard." *Witherspoon v. Waybourn*, 2021 U.S. Dist. LEXIS 51898, at *15 (N.D. Tex. 2021) (citing *Bell v. Wolfish*, 441 U.S. 520, 543 n.27 (1979)) (noting a DOJ task force's recommendations "regarding conditions of confinement for pretrial detainees are not determinative of the requirements of the Constitution"); *Valentine v. Collier*, 978 F.3d 154, 164 (5th Cir. 2020) ("The Eighth Amendment does not enact the CDC guidelines.""; *Mays v. Dart*, 974 F.3d 810, 823 (7th Cir. 2020) ("Indeed, while the recommendations of various groups may be instructive in certain cases, they simply do not establish the constitutional minima . . . .") (omission added)).

Here, Pete does not (and cannot) plead that the Board Members violated the TOMA or that the purported violation of Governor Abbot's Executive Order GA-38 violated any of his rights under the Constitution. In sum, because Pete did not suffer a violation of his rights secured under the Constitution, his Section 1983 claim should be dismissed. *See Jones*, 678 F.3d at 352-53.

### Prayer

Because Pete's factual allegations, even if taken as true, fail to state a claim under federal law, this Court should grant the Board Members' motion to dismiss, dismiss Pete's claims against the Board Members with prejudice, and award the Board Members their taxable costs of court.

Respectfully submitted,

K<small>ARCZEWSKI</small> | B<small>RADSHAW</small> | S<small>PALDING</small>

_____
C. Cory Rush
State Bar No. 24074989
Fed. I.D. No. 1125441
crush@kbslawgroup.com
Elizabeth M. Rice
State Bar No. 24107874
Fed. I.D. No. 3209587
lrice@kbslawgroup.com
3700 Buffalo Speedway, Suite 560
Houston, Texas 77098
Telephone: (713) 410-7747

ATTORNEYS FOR DEFENDANTS

### CERTIFICATE OF SERVICE

I hereby certify that on December 27, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system. I further certify that a true and correct copy of the foregoing document was served on *Pro Se* Plaintiff *via* United States mail, certified, return receipt request with proper postage affixed and addressed as follows:

David R. Pete, *Pro Se*
6355 Chinn Lane, Apt. 2105
Beaumont, Texas 77708
(*Via Certified Mail RRR*)

_____
Attorney for Defendants