IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| DAVID RANDY PETE, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:21-CV-546 |
| | § | |
| ROBERT C. DUNN, et al., | § | |
| | § | |
| *Defendants.* | § | |

**REPORT AND RECOMMENDATION
ON DEFENDANTS' AMENDED MOTION TO DISMISS**

Pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, and the Local Rules for the United States District Court for the Eastern District of Texas, United States District Judge Michael J. Truncale referred this matter to the undersigned United States magistrate judge for entry of findings and recommendation on case-dispositive motions and determinations of non-dispositive matters. Pending before the court is Defendants' Amended Motion to Dismiss Plaintiff's First Amended Complaint Pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. #20.) After review, the court recommends granting the motion to dismiss.

**I.     Plaintiff's Claims and Procedural History**

On November 1, 2021, Plaintiff David Randy Pete, proceeding *pro se*, filed his initial complaint against Defendants Robert C. Dunn and Dennis W. Spooner, members of Beaumont Independent School District School Board of Trustees. (Doc. #1.) According to the Original Complaint, the events giving rise to the claim took place on August 19, 2021, during an emergency BISD school board meeting conducted via Zoom at which the Board implemented a mask mandate. (Doc. #1, p. 4.) This meeting, according to the Plaintiff, "caused great harm and damages to the

right to choose as well as the right to voice concern." (Doc. #1, p. 4.) Plaintiff also complained that the alleged mask mandate violated the Texas Governor's order prohibiting mask mandates. As relief, Plaintiff seeks monetary damages of $100,000,000. (*Id.*)

After reviewing Plaintiff's Original Complaint and granting Plaintiff's Motion to Proceed *in forma pauperis*, the court directed the Plaintiff to answer the following specific questions:

1. Identify the basis of federal jurisdiction, and

2. Identify how you have been impacted or harmed by the actions you allege – are you a teacher, student, employee, or visitor to BISD. (Doc. #3.)

In response, Plaintiff filed an amended complaint but ignored the court's order to specifically identify the basis for federal jurisdiction or to identify himself as a student, teacher, parent, or visitor. In his Amended Complaint, he stated that his First and Fourteenth Amendment rights have been violated and the actions have "prevented him from attending Board Meeting of which I have attended in the past." (Doc. #6, p. 3.) He then claims that "the ultimate injury I have substain [sic] has been mential [sic] affecting my sleep, body, because of all the emotional strain from this covid pandamic [sic]." (Doc. #6, p. 4.)

On December 27, 2021, Defendants filed a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6). (Doc. #14.) Plaintiff responded in opposition to Defendants' Motion to Dismiss. (Doc. #16.) The court then determined that a page of Plaintiff's Amended Complaint had not been scanned. The error was corrected, and the full Amended Complaint was filed. Defendants were then directed to file an amended motion to dismiss based on the complete complaint, which they did on February 10, 2022. (Doc. #20.) Plaintiff filed his opposition on February 24, 2022. (Doc. #21.)

The undersigned issued a Report and Recommendation on March 8, 2022, recommending that the motion to dismiss be granted in part, and denied in part. (Doc. #22.) Objections were

filed by both parties and the undersigned withdrew the original Report and Recommendation on May 10, 2022. (Doc. # 30.) The motion to dismiss is now ripe for review.

## II.   Legal Standards

### A. Rule 12(b)(1)

Federal courts have limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). As such, "[a] case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.2d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)). The vehicle for challenging a federal court's jurisdiction over the subject matter of a case is a motion to dismiss under Rule 12(b)(1). FED. R. CIV. P. 12(b)(1); *see Den Norske Stats Oljeselskap As v. Heeremac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001).

Logically, a court should consider the Rule 12(b)(1) jurisdictional challenge first, before considering any attack on the merits. *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). Considering the 12(b)(1) motion first "prevents a court without jurisdiction from prematurely dismissing a case with prejudice." *Id.* at 287 (citing *Ramming,* 281 F.3d at 161). In deciding the motion, a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As*, 241 F.3d at 424. The burden of proof is on the party asserting jurisdiction. *Ramming*, 281 F.3d at 161; *see also Lane v. Halliburton*, 529 F.3d 548, 557 (5th Cir. 2008). If the court decides at any time that it lacks subject-matter jurisdiction, the court must dismiss the action. FED. R. CIV. P. 12(h)(3).

A federal court has jurisdiction only when a "case" or "controversy" is presented. *Deutsch v. Annis Enterprises, Inc.*, 881 F.3d 169, 173 (5th Cir. 2018); *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997). To establish a case or controversy, a plaintiff must first prove standing. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). Standing means that the plaintiff (1) has suffered an injury in fact, *i.e.*, an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical, (2) there is a causal connection between the injury and the conduct complained of, and (3) it is likely that the injury will be redressed by a favorable decision. *See Lujan*, 504 U.S. at 560-61; *Deutsch*, 881 F.3d at 173. Proper grounds for a Rule 12(b)(1) motion to dismiss include a plaintiff's lack of standing to bring suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998).

### B. Rule 12(b)(6)

A motion to dismiss under FED. R. CIV. P. 12(b)(6) challenges the sufficiency of the factual allegations in the complaint. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive dismissal under 12(b)(6) the complaint must contain sufficient facts, which accepted as true, "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Twombly*, 550 U.S. at 570). To be plausible, the complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010) (quoting *Twombly*, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The Supreme Court has confirmed that Rule 12(b)(6) must be read in tandem with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2); *see also Iqbal*, 556 U.S. at 677-78; *Twombly*, 550 U.S. at 555.

4

To decide whether the complaint states a valid claim for relief, the court accepts all well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff. *Great Lakes Dredge*, 624 F.3d at 210. However, the court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Id*. (quoting *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). "While legal conclusions can provide the complaint's framework, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. The inquiry focuses on the allegations in the pleadings and not on whether the plaintiff has sufficient evidence to succeed on the merits. *Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009).

### III. Discussion and Analysis

#### A. Dismissal Under Rule 12(b)(1) and Plaintiff's Standing

Proceeding *pro se,* Plaintiff's pleadings are necessarily held to "less stringent standards than formal pleadings drafted by lawyers," and are liberally construed by the court. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Perez v. United States.*, 312 F.3d 191, 194-95 (5th Cir. 2002). Attempting to give Plaintiff's complaints their most liberal construction is challenging. He appears to be complaining about the mask mandate initiated by the Board members and that the mandate itself violates the First Amendment. He also makes a claim under the Texas Open Meeting Act alleging that the meeting conducted remotely on August 19th or August 23rd[1] violated state law.

In his response to the Amended Motion to Dismiss, Plaintiff now appears to claim that the Board meeting conducted by videoconference on August 19th or 23rd violated his First Amendment right. Specifically, he asserts that by conducting the meeting remotely, he was "personally deprived of my right to freely exercise by right to free speech." (Doc. #21, p. 4.)

---

[1] Plaintiff complains that the meeting in which the mask mandate was approved occurred remotely on August 19, 202, at 12 p.m. However, he attaches to his pleading a notice of an emergency meeting set for August 23, 2021, at 12 p.m. to address the mask mandate.

As set forth above, to assert an actual case or controversy for which this court would have jurisdiction, the plaintiff must articulate an injury-in-fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Pederson v. La. State Univ.*, 213 F.3d 858 (5th Cir. 2000); *Dews v. Town of Sunnyvale, Tex.* 109 F. Supp. 2d 526 (N.D. Tex. 2000); *Wyble v. Gulf S. Pipeline Co., L.P.*, 308 F. Supp. 2d 733 (E.D. Tex. 2004). Defendants contend that Plaintiff's complaint fails to clearly state what "concrete, … particularized … actual or imminent" injury he has suffered and that without an actual or imminent harm, Plaintiff has not articulated a concrete injury necessary for standing. *E.T. v. Paxton*, 19 F.4th 760, 765 (5th Cir. 2021).

Giving his complaint its most liberal construction, Plaintiff is alleging first that the mask mandate itself prevented him and others from attending school board meetings once it was implemented. Plaintiff has not, however, established an injury personal to him. He has not articulated any facts to suggest that he was personally prevented from attending any school board meeting, or that he was forced in any way to wear a mask. Instead, he appears to have a generalized complaint about the mask requirement. This does not create constitutional standing. *Beasley v. Sch. Dist. Bd. of Ed. Iberia Parish*, No. 6:21-cv-03276, 2022 WL 807043, at *7. (W.D. La. Feb. 24. 2022) (holding that where plaintiff failed to allege that she was personally subjected to a mandatory mask mandate, her refusal to attend school because of the mask mandate was not a cognizable claim). Moreover, as explained by the Fifth Circuit in *E.T. v. Paxton*, a plaintiff must show that he has suffered an invasion of a legally protected interest that is not conjectural or hypothetical. *E.T. v. Paxton*, 19 F.4th 760, 765 (5th Cir. 2021). Here, Plaintiff has failed to allege that he has suffered an actual injury and therefore, lacks standing to assert a violation of his First Amendment rights.

Additionally, although Plaintiff alleges that holding the meeting remotely violated his free

6

speech rights, he has failed to articulate how, or to allege any injury to his right of free speech. Without an alleged injury, Plaintiff does not have standing to make a claim.

### B. Dismissal under Rule 12(b)(6) for failure to state a claim

#### 1. *Mask Mandate.*

Even if Plaintiff had standing to assert a First Amendment claim against the mask mandate, his claim would fail to state a viable cause of action. First Amendment protections are not absolute. *McDonald v. City of Chic., Ill.,* 561 U.S. 742, 802 (2010). Instead, First Amendment rights are subject to reasonable time, place, or manner restrictions. *Clark v. Cmty, of Creative Non-Violence*, 468 U.S. 288, 293 (1984). The burden here is on Plaintiff to articulate how the school district's alleged mask mandate ran afoul of the First Amendment. Moreover, under the Fourteenth Amendment, it is the Plaintiff's burden to articulate either a procedural or substantive due process violation resulting from the alleged mask mandate.

Plaintiff has not done so in either of his complaints or in his response to the Amended Motion to Dismiss; nor does the undersigned believe he can. These requirements are high bars that the Plaintiff cannot overcome, even though a public school-board meeting is a "designated public forum" subject to strict scrutiny of limitations on speech and assembly. *Chiu v. Plano Indep. Sch. Dist.*, 260 F.3d 330, 346-348 (5th Cir. 2001). Nevertheless, as to the right to free assembly, the mask mandate did not prevent Plaintiff from attending a board meeting; instead, it simply required him to be masked to do so. Such an impact is minimal at best and cannot constitute a substantial impediment to Plaintiff's right to freely associate. *Perry Educ. Ass'n v. Perry Local Educators' Assn.,* 460 U.S. 37, 45 (1983).

Moreover, Plaintiff has not articulated that the mandate was not content-neutral or applied only to him. Instead, it appears that the mandate was content neutral, applied to everyone and was

7

narrowly tailored to further the school board's interest in protecting public health. Numerous courts have held that there is no fundamental constitutional right not to wear a mask, and a mask mandate does not run afoul of the Constitution. *Miranda on behalf of M.M. v. Alexander,* No. 21-535-JWD-EWD, 2021 WL 4352328, at *4 (M.D. La. Sept. 24, 2021); *Kelly v. ImagineIF Library Entity*, No. cv-21-6-M-DLC-KLD, 2021 WL 2444663, at *4 (D. Mont. June 15, 2021); *Whitfield v. Cuyahoga Cty. Pub. Library Found.*, No. 1:21-CV-0031, 2021 WL 1964360, at * 2 (N.D. Ohio May 17, 2021); *Denis v. Ige*, 538 F. Supp. 3d 1063, 1078 (D. Haw. 2021); *W.S. by Sonderman v. Ragsdale*, 540 F. Supp. 3d 1215, 1218-19 (N.D. Ga. 2021); *Forbes v. City of San Diego*, No. 20-cv-00998-BAS-JLB, 2021 WL 843175, at *3-6 (S.D. Cal. Mar. 4, 2021); *Oakes v. Collier Cty.*, 515 F. Supp. 3d 1202, 1207-1212 (M.D. Fla. 2021); *Shelton v. City of Springfield*, 497 F. Supp. 3d 408, 414 (W.D. Miss. 2020).

Plaintiff's claim that the mask mandate itself violated his Constitutional rights fails to state a claim upon which relief can be granted.

    2. *Conducting the meeting remotely.*

Additionally, to the extent that Plaintiff complains that Defendants violated his First Amendment right by conducting the August meeting remotely, such allegations also fail to state a claim upon which relief can be granted.

The question here is whether the School Board, following the guidance of the Texas Attorney General and Governor in suspending the Texas Government Code restrictions on conducting board meetings by videoconference violated the First Amendment or any other constitutional rights of Plaintiff. Applying the appropriate standard of review, the undersigned finds that it does not.

As set forth above, a school board meeting is a designated public forum. *Chiu v. Plano*

*Indep. Sch. Dist.*, 260 F.3d at 346-348. As a result, any limitations on speech and assembly are subject to strict scrutiny. Under a strict scrutiny test, the government's limitation on a constitutional right must further a compelling state interest and be narrowly defined to that interest. *Reed v. Town of Gilbert, AZ*, 576 U.S. 155, 171 (2015).

The application of the strict scrutiny standard, however, needs to be understood in conjunction with the standard set forth in *Jacobson v. Massachusetts.*, some 117 years ago, in deciding whether a vaccination statute to combat smallpox was an invasion of rights secured by fundamental law. *Jacobson v. Massachusetts.*, 197 U.S. 11 (1905). According to the Supreme Court in *Jacobson*, a state or local law, enacted to protect the public health, will survive judicial scrutiny unless it bears no real or substantial relationship to the public health "or is, beyond all question a plain, palpable invasion of rights secured by fundamental law." *Id.* at 31.

In the years since *Jacobson*, the court have devised "tiers of scrutiny" jurisprudence, but as the Fifth Circuit recently held in *In re Abbott* and *Big Tyme Investments v. Edwards*, the test set forth in *Jacobson* still has precedential value today and instructs that all constitutional rights may be reasonably restricted to combat a public health emergency. *In re Abbott*, 954 F.3d 772, 786 (5th Cir. 2020), *vacated as moot*, *Planned Parenthood Ctr. for Choice v. Abbott*, ___ U.S. ___, 141 S. Ct. 1261 (2021); *Big Tyme Inv., L.L.C. v. Edwards*, 985 F.3d 456, 466 (5th Cir. 2021).

Here, the undersigned finds that the Defendants' holding of the board meeting virtually, following the guidance of the Texas Governor and Attorney General, to protect against a public health crisis was a restriction bearing a strong and rational relationship to a critical governmental interest. Moreover, the restriction did not exclude Plaintiff, or anyone, based on any prohibited status, such as race. Nor does the choice to hold a meeting virtually run afoul of any First Amendment proscriptions on content; indeed, it is content-neutral. As the Southern District has

explained:

> When the board does choose to furnish an open forum, it cannot limit access unless the restriction bears a strong relation to a critical governmental interest directly implicated in the furnishing of the forum, like time limits. Even then, it cannot use a criterion for exclusion that includes the content of the expected speech.

*Hispanic Educ. Comm. v. Hous. Indep. Sch. Dist.*, 886 F. Supp. 606, 612 (S.D. Tex. 1994). Here, where Plaintiff pleads no facts to suggest that holding the meeting remotely was intended as anything other than a public health protection, he fails to state a claim upon which relief can be granted.

### 3. Alleged TOMA violations.

Finally, Plaintiff's state law claims for alleged violations of the Texas Open Meeting Act (TOMA) should be dismissed under Rule 12(b)(6) as the claims do not have the required "facial plausibility." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 669, 678 (2009).

First, Plaintiff cannot assert a claim for monetary damages for violations of TOMA. The relief provided under TOMA is injunctive – a relief not sought by Plaintiff. TEX. GOV'T CODE § 551.142. As the statute which Plaintiff claims was violated does not allow for damages, his pleading fails to state a claim for which relief may be granted.[2]

Moreover, Plaintiff's claims are arguably pendent state laws claims for which this court should decline jurisdiction. *Hous. Indep. Sch. Dist. v. Tex. Educ. Agency*, No. 1:19-CV-684-LY, 2019 WL 6894474, at *6 (W.D. Tex. Dec. 18, 2019) (declining to exercise pendent jurisdiction over state law claims for violations of the Texas Open Meetings Act after determining there was

---

[2] Even if Plaintiff were seeking injunctive relief as allowed under the Texas statute, this claim would likely be moot as the mask mandate is no longer in place. (Doc. #14, p. 1.)

no subject matter jurisdiction of alleged federal claims); *De Los Santos v. Bosworth*, No. 3:20-CV-0461-C, 2021 WL 1245895, at *3 (N.D. Tex. Mar. 8, 2021) (declining to exercise its jurisdiction over state law claims based upon alleged violations of the Texas Open Meetings Act). Because state law claims are more properly heard in state court, even if Plaintiff could amend to articulate a viable claim for violations of TOMA asserting the correct relief, those claims are best decided in state court. *See Enochs v. Lampasas Cty*, 641 F.3d 155 (5th Cir. 2011) (state law claims were more properly heard in the state courts after federal claims were found to be without merit); *Richards v. City of Weatherford*, 145 F. Supp. 2d 786, 793 (N.D. Tex. 2001) (declining to exercise supplemental jurisdiction over state law claims after determining that the plaintiff had failed to state any federal law claim).

### C. Conclusion

Plaintiff's claim that the mask mandate violated his First and Fourteenth Amendment fail as a matter of law. Additionally, Plaintiff's claim that the Board members violated his First Amendment rights by conducting the August 2021 meeting remotely also fails to state a claim upon which relief may be granted. Finally, Plaintiff's claims for damages resulting from an alleged violation of TOMA fail to state a claim upon which relief can be granted and assert solely state law claims for which this court should decline jurisdiction.

The court also concludes that providing an opportunity for the Plaintiff to amend under Fed. R. Civ. P. 15(a) would be futile as the Plaintiff's claims regarding the alleged mask mandate or the remote meeting do not assert constitutional violations and any amendment to seek the proper relief under TOMA would still render the claim wholly arising under state law.

### IV. Recommendation

Accordingly, the undersigned recommends that Defendants' Amended Motion to Dismiss

11

be **GRANTED** and Plaintiff's claims under the First and Fourteenth Amendment be **DISMISSED**, in their entirety, with prejudice. The undersigned further recommends that any state law claim for violation of TOMA be dismissed as failing to state a claim upon which relief can be granted without prejudice should the Plaintiff wish to refile in state court to seek relief allowed under state law.

### V.     Objections

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this the 11th day of May, 2022.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE